**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MOUFASSA HAULCY, | Case No.: 2:25-cv-01847-APG-EJY |
| Plaintiff, | **Order Denying Plaintiff's Motions for Temporary Restraining Order, Preliminary Injunction, and Summary Judgment** |
| vs. | |
| ROBIN HENNEQUIN, F. DAMMERRELL, | **[ECF Nos. 9, 10, 11]** |
| Defendants. | |

Moufassa Haulcy, an inmate at High Desert State Prison, filed an application to proceed In Forma Pauperis (IFP) and a proposed complaint. ECF No. 1.  His IFP status has not been granted yet and his complaint has not been screened as required by 28 U.S.C. § 1915A. Nevertheless, he also filed a motion seeking a temporary restraining order (TRO) and preliminary injunction. ECF Nos. 9, 10.  Specifically, he requests an order "to ensure that [he receives] necessary medical treatment and will be prohibited (sic) from cruel and unusual punishment and retaliatory (sic) acts." *Id*. at 1.  Later in his motion he requests "transfer . . . to a suitable facility for care and treatment," "compensatory damages of $28,900," and "punitive damages of $57,800." *Id*. at 6.

Haulcy's motion is defective for several reasons.  First, because Haulcy's complaint has not been screened or filed, there is no operative complaint upon which to anchor the motion.  I can overlook that in emergency situations and enter relief based on my inherent power.

Second, monetary relief is not available as part of a TRO or injunction.  To the contrary, the availability of monetary relief demonstrates that the movant is not likely to suffer irreparable harm, which is one of the prerequisites for injunctive relief. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Thus, I deny Haulcy's request for compensatory and punitive damages as part of this motion.

Generally, TROs and preliminary injunctions preserve the status quo.  Mandatory injunctions can order affirmative relief, such as directing a party to take certain action, but are

"subject to a higher standard than prohibitory injunctions," and "are permissible when extreme or very serious damage will result that is not capable of compensation in damages, and the merits of the case are not doubtful." *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017) (quotations omitted).  Again, Haulcy seeks compensatory damages, which would defeat the need for a mandatory injunction.  More importantly, however, the ordered relief must be directed at parties who can carry it out.  Here, Haulcy seeks medical treatment at an appropriate location.  But the defendants are a Sergeant and Case Worker at the prison. ECF No. 9 at 3.  It does not appear that they are sufficiently authorized to transfer Haulcy or to provide the medical treatment he requests.  And Haulcy offers no evidence that they can do so.  I therefore deny his motion without prejudice to seek injunctive relief against appropriate defendants once he has an approved complaint on file.

Haulcy also moves for summary judgment on his claims. ECF No. 11.  Because there is no operative complaint at this time, his motion is premature so I deny it without prejudice.

I THEREFORE ORDER that Haulcy's motion for TRO and preliminary injunction **(ECF Nos. 9, 10) is denied**.

I FURTHER ORDER that Haulcy's motion for summary judgment **(ECF No. 11) is denied.**

Dated: June 22, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE